ATTIE E. WILLIAMS AND HER HUSBAND v. JOHN T. MERSHON AND HARVEY H. MERSHON.

1. When a lease is made by the husband of the wife's land for one year, with the privilege to the tenant of a further term of four years, without authority from her, the act of the wife in receiving the share of the farm products reserved by the lease for the first year will not operate by way of estoppel to create a term for five years; her assent must be in writing.

2. When the tenant is granted the option of a further term for four years, notice by him to the lessor that he will take a further term for one year must be regarded as a notice that he does not elect to take for the further term agreed upon, but for a lesser term, to which his lessor has not assented.

3. Under such circumstances the tenancy, by force of the lease, expires at the end of the first year, and no notice to quit is necessary.

---

In ejectment, on rule to show cause.

Argued at June Term, 1894, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the plaintiffs, *William H. Vredenburgh.*

For the defendants, *John S. Voorhees.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This is an action of ejectment to recover possession of a farm in the county of Monmouth.

Attie E. Williams, wife of John H. Williams, owns the *locus in quo* in fee.

On the 26th of January, 1892, her husband, without any authority in writing from her, and without any express authority by parol so far as appears, made a lease in writing demising the premises to John T. Mershon for one year from March 1st, 1892, with the privilege of four years more from March 1st, 1893.

John T. Mershon did not take possession of the leased premises, but possession was taken by his son Harvey, his father turning over to him the premises without any formal assignment.

The defendant claims a right to the possession after March 1st, 1893, under the lease from John H. Williams, and if that claim is well founded this action cannot be maintained.

The evidence discloses no appointment of the husband by the wife to act as her agent in executing the lease, but the

defendants seek to hold the wife to the lease by the fact that she knew the lease had been executed, and after that information she received, through her husband, the share of farm products reserved by the lease for the year ending March 1st, 1893.

The trial court found in favor of the plaintiffs, a jury having been waived by consent of the respective parties. The case is now submitted for review on rule to show cause.

The lease, if it be regarded as granting an estate for five years, is void, under the first section of the statute of frauds, as against the wife, because it was not signed by her nor by her agent lawfully authorized in writing. A lease for five years cannot be created by parol. The implied assent of the wife to the possession of the tenant for one year, arising out of the fact before stated, cannot, by way of estoppel, create a term for five years.

She could not, by an express parol agreement, bind herself or the tenant to a term of that duration, and in a court of law her implied assent can have no more efficacy than her express undertaking. *Den* v. *Baldwin*, 1 *Zab.* 395.

If the contract cannot stand in its entirety, it falls; it is not divisible so as to hold the wife for three years; all its terms must be binding, otherwise it is not the contract to which either party assented.

There is a further infirmity in the defence set up in this case.

On the 20th of February, 1893, Harvey H. Mershon gave the husband notice in writing that he would remain on the farm for the year 1893, and work the same according to the lease.

The term granted by the lease from the husband is for one year only; the lessee is given the option to enjoy a further term for four years after the expiration of that year.

The tenant was bound to exercise his option according to the terms of the written agreement; he could not elect to take a term for one year after March 1st, 1893, but if he desired to remain after that date, he could lawfully do so only by accepting a further term for four years.

It is not necessary to adjudge whether the tenant, to preserve his rights under the lease, was constrained to give notice in writing of his election to retain possession. He did, in fact, give notice in writing of what he proposed to do, and that notice, I think, must be regarded as a notice that he did not elect to take the farm for the further term agreed upon, but for a lesser term, to which the lessor had not assented.

The tenant not having availed himself of his privilege to retain possession, his term under the lease expired March 1st, 1893, and no notice to quit was necessary. Under the lease, the husband had the right to maintain this suit.

The rule to show cause should be discharged.